UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

DONALD LEJEUNE,                          )
                                         )
    Plaintiff,                           )
                                         )
v.                                       )   Case No. CIV-21-1132-G
                                         )
STATE FARM FIRE AND CASUALTY             )
COMPANY,                                 )
                                         )
    Defendant.                           )

## ORDER

Now before the Court is Plaintiff Donald LeJeune's Motions in Limine (Doc. No. 41). Defendant State Farm Fire and Casualty Company ("State Farm") responded in opposition to the Motions (Doc. No. 45).

Plaintiff's home in Norman, Oklahoma, was insured through a policy issued by Defendant State Farm. Plaintiff submitted a claim to Defendant for damage to the home that allegedly resulted from a storm on or around August 31, 2020. Defendant determined that the cost of repairing the damage covered by the policy was less than the policy's deductible and, therefore, no payment was owed to Plaintiff for this claim. Plaintiff has brought suit against Defendant for breach of contract. Trial in this matter is scheduled to begin on January 10, 2023.

### I. Applicable Law

A motion in limine is a "pretrial request that certain inadmissible evidence not be referred to or offered at trial." *Edens v. The Netherlands Ins. Co.*, 834 F.3d 1116, 1130 (10th Cir. 2016) (emphasis and internal quotation marks omitted). It "is a request for

guidance by the court regarding an evidentiary question, which the court may provide at its discretion to aid the parties in formulating trial strategy." *Jones v. Stotts*, 59 F.3d 143, 146 (10th Cir. 1995).  A court's in limine rulings are preliminary and "subject to change as the case unfolds." *Luce v. United States*, 469 U.S. 38, 41-42 (1984).

  II. *Motions in Limine*

  In his combined Motions in Limine, Plaintiff moves that the Court exclude eight categories of potential evidence at trial.  The Court will address each in turn.

  A. *Requests 1, 2, & 3*

  In the first three requests, Plaintiff requests that Defendant be prohibited from referencing (1) the Court's rulings on pretrial motions, (2) the effect of Plaintiff's claim and this litigation on Plaintiff's insurance premium rates, and (3) any offers of settlement. Defendant does not object to the exclusion of these topics at trial.  The Court therefore grants Plaintiff's preliminary request to prohibit discussion of these topics.

  B. *Request 4: Nondisclosed Expert Testimony*

  Plaintiff requests that the Court instruct Defendant to refrain from offering expert opinion outside the scope of Defendant's expert disclosures.  Plaintiff, however, does not state a basis for believing Defendant will do so or identify any anticipated improper testimony.  This request therefore amounts only to a request that the Court follow and enforce the Federal Rules of Civil Procedure and the Federal Rules of Evidence.  This is an inadequate basis for a motion in limine, and the request is therefore denied.  The Court will address any specific objections as to improper expert testimony as they arise.

### C. Request 5: Inconsistent Positions

Plaintiff requests that the Court prevent Defendant "from taking inconsistent positions" at trial, suggesting that Defendant may invoke provisions of the insurance policy in its defense that Defendant did not rely on when denying Plaintiff's claim. *See* Pl.'s Mot. at 7. The Court finds that it is premature to limit Defendant's argument at this stage, prior to the presentation of any evidence, and therefore denies this request. Plaintiff may object at trial if it believes that Defendant is offering evidence about the insurance policy that is irrelevant to Defendant's denial decision or otherwise inadmissible under the Federal Rules of Evidence. Plaintiff may similarly raise an objection if it believes Defendant intends to present argument to the jury that is not supported by the evidence.

### D. Request 6: Pre-Storm Condition of the Roof

Plaintiff requests that the Court preclude Defendant from introducing any evidence concerning the condition of Plaintiff's roof prior to the alleged storm damage because such testimony is irrelevant to Plaintiff's claim here. In response, Defendant states that its designated expert witness, Brett Hall, intends to testify as to industry standards for roof installation and maintenance, manufacturer warranties, and potential defects in the roofing system. Defendant argues that this testimony is relevant to the policy exclusion on which Defendant relied in denying Plaintiff's claim, which excludes coverage due to "wear, tear, decay, marring, scratching, deterioration, inherent vice, latent defect, or mechanical breakdown." *See* Def.'s Resp. (Doc. No. 45) at 5; Def.'s Ex. 1 (Doc. No. 45-1). The Court preliminarily finds that Defendant's expert testimony, as described in Defendant's Response, is relevant to Defendant's defense in this case. *See* Fed. R. Evid. 401.

Plaintiff additionally argues that even if testimony concerning the pre-storm condition of Plaintiff's roof is relevant, the Court should bar such testimony because any relevance is substantially outweighed by a danger of prejudice under Federal Rule of Evidence 403. Aside from reciting the language of Rule 403, Plaintiff offers no explanation for how the testimony of Mr. Hall will create undue prejudice or confuse or mislead the jury. The Court therefore preliminarily finds that the relevance of this evidence is not substantially outweighed by any risk of undue prejudice.

Plaintiff's request to exclude Mr. Hall's testimony concerning the condition of the roof prior to the alleged storm damage is denied.

*E. Request 7: Non-Compliance with Policy Terms and Failure to Mitigate*

Plaintiff requests that the Court preclude Defendant from offering evidence that Plaintiff has not complied with the terms of the insurance policy. Plaintiff, however, does not identify any anticipated testimony or evidence on this topic that Plaintiff believes might be introduced. The Court therefore finds that it is premature to issue a preliminary ruling limiting evidence concerning Plaintiff's conduct. The Court notes that testimony or evidence about Plaintiff's compliance with the claims procedure under the insurance policy, the information submitted by Plaintiff to Defendant in support of his claim, and Plaintiff's course of dealing with Defendant during the claim process is plainly relevant.

In addition, Plaintiff requests that the Court bar Defendant from arguing that Plaintiff failed to mitigate damages. Plaintiff did not move for summary judgment on Defendant's defense of failure to mitigate and, in the present motion, has not supplied an adequate factual or legal basis to allow the Court to exclude evidence on that defense

altogether. Plaintiff's request is therefore denied. To the extent that Plaintiff believes that such a defense is inapplicable in this case, irrelevant or otherwise inadmissible, Plaintiff may present such argument to the Court during the course of the trial.

  *F. Request 8: Pro Se Petition*

  Plaintiff requests that the Court preclude Defendant from presenting any evidence concerning Coppermark Public Adjuster's ("Coppermark") involvement in preparing or filing Plaintiff's original pro se petition in this action. Plaintiff intends to call Stephanie Lee and Greg Cannon, both employees of Coppermark, to testify about their involvement with the claim at issue in this case. Defendant argues that all aspects of Ms. Lee's and Mr. Cannon's relationship with Plaintiff is relevant and admissible as evidence that may tend to show bias. The Court agrees. If Ms. Lee and Mr. Cannon testify at trial, Defendant may examine them about their relationship with Plaintiff (or Coppermark's relationship with Plaintiff), including any agreements, financial incentives, or assistance with preparing or prosecuting this lawsuit.[1]

## CONCLUSION

  In accordance with the foregoing, Plaintiff's combined Motions in Limine are GRANTED IN PART and DENIED IN PART.

---

[1] To the extent any examination calls for information protected by the attorney-client privilege or other applicable protections, Plaintiff may raise such objections or concerns at trial.

IT IS SO ORDERED this 9th day of January, 2023.

CHARLES B. GOODWIN
United States District Judge