UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DONALD LEJEUNE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. CIV-21-1132-G |
| | ) |
| STATE FARM FIRE AND CASUALTY COMPANY, | ) ) ) |
| | ) |
|     Defendant. | ) |

## ORDER

Now before the Court is Defendant State Farm Fire and Casualty Company's ("State Farm") Omnibus Motion in Limine (Doc. No. 42). Plaintiff Donald LeJeune responded in opposition to the Motion (Doc. No. 44).

Plaintiff's home in Norman, Oklahoma, was insured through a policy issued by Defendant State Farm. Plaintiff submitted a claim to Defendant for damage to the home that allegedly resulted from a storm on or around August 31, 2020. Defendant determined that the cost of repairing the damage covered by the policy was less than the policy's deductible and, therefore, no payment was owed to Plaintiff for this claim. Plaintiff has brought suit against Defendant for breach of contract. Trial in this matter is scheduled to begin on January 10, 2023.

*I. Applicable Law*

A motion in limine is a "pretrial request that certain inadmissible evidence not be referred to or offered at trial." *Edens v. The Netherlands Ins. Co.*, 834 F.3d 1116, 1130 (10th Cir. 2016) (emphasis and internal quotation marks omitted). It "is a request for

guidance by the court regarding an evidentiary question, which the court may provide at its discretion to aid the parties in formulating trial strategy." *Jones v. Stotts*, 59 F.3d 143, 146 (10th Cir. 1995). A court's in limine rulings are preliminary and "subject to change as the case unfolds." *Luce v. United States*, 469 U.S. 38, 41-42 (1984).

## II. Motions in Limine

In its Omnibus Motion in Limine, Defendant moves that the Court exclude four categories of potential evidence at trial. The Court will address each in turn.

### A. *Request 1: Coppermark Witnesses*

Defendant seeks to exclude testimony from Stephanie Lee, Vice President of Operations for Coppermark Public Adjusters ("Coppermark"), and Greg Cannon, President of Coppermark, to the extent that either witness intends to provide expert opinion testimony at trial. Defendant states that Plaintiff has not designated Ms. Lee and Mr. Cannon as expert witnesses or provided any expert disclosure for them in accordance with the procedures set forth in Federal Rule of Civil Procedure 26(a) or the Court's Scheduling Order (Doc. No. 12). Defendant states that it believes that Plaintiff may nevertheless attempt to elicit expert testimony from Ms. Lee and Mr. Cannon based on the description of anticipated testimony for Ms. Lee and Mr. Cannon in the parties' proposed Final Pretrial Report. Therein, Plaintiff describes the anticipated testimony of Ms. Lee as follows:

> Ms. Lee is a public adjuster who assisted and oversaw the preparation of estimates, the scope of work necessary to restore the property to its pre-loss condition, and the application of the policy to the damages sustained to the property from the storm. She has extensive experience with storm damage to similar roofing systems and properties and had interactions with the insurance company's adjuster. Ms. Lee will testify as a fact witness whose testimony may be more factual than opinion but will be based on her

> experience and training as a public adjuster. Ms. Lee is expected to testify regarding the facts and circumstances surrounding the storm event; damages sustained to property as a result of the storm; condition of the property after the storm; Any interaction she may have had with any State Farm adjuster and the claim's process; State Farm's underpayment of the claim and damages, knowledge of loss and damages, work related to loss and damages, investigation and handling of the claim, scope, code enforcement and amount and cause of damages.

Final Pretrial Rep. (Doc. No. 47) at 14-15. The description of anticipated testimony for Mr. Cannon is substantially similar. *See id.* at 14.

In response, Plaintiff asserts that he is offering Ms. Lee and Mr. Cannon solely as fact witnesses, and that Ms. Lee and Mr. Cannon may provide opinion testimony as lay witnesses pursuant to Federal Rule of Evidence 701, for which there is no expert disclosure requirement. Federal Rule of Evidence 701 prescribes that "[i]f a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. Federal Rule of Civil Procedure 26(a)(2) does not require disclosures for witnesses testifying pursuant to Federal Rule of Evidence 701. *See* Fed. R. Civ. P. 26(a)(2).

Because Plaintiff expressly disclaims that Ms. Lee and Mr. Cannon are being offered as expert witnesses, the Court will permit Ms. Lee and Mr. Cannon to testify as fact witnesses and provide opinion testimony as limited by Federal Rule of Evidence 701. Ms. Lee and Mr. Cannon may testify regarding their personal knowledge and perceptions regarding Plaintiff's property and Plaintiff's claims process. Plaintiff is cautioned,

however, that he must lay a sufficient factual foundation for Ms. Lee and Mr. Cannon's first-person personal knowledge before eliciting any opinion testimony on a particular subject or topic.

Defendant also objects to any testimony by Ms. Lee and Mr. Cannon on the basis that Coppermark has a financial interest in the outcome of this case, stating that Coppermark is entitled to 15% of any insurance proceeds recovered by Plaintiff. The Court finds that exclusion of Ms. Lee's and Mr. Cannon's testimony on this basis is not warranted; however, Defendant may raise any financial incentive of those witnesses on cross-examination.

### B. Requests 2 & 3

Defendant requests that the Court exclude (1) any testimony or evidence concerning the size, net worth, or marketing efforts of Defendant, and (2) any attempt to show or prove bad faith against State Farm. Plaintiff does not object to the exclusion of these topics at trial. The Court therefore grants Defendant's preliminary request to exclude these topics.

### C. Request 4: Interior Leak

Defendant requests that the Court prohibit Plaintiff from introducing evidence concerning a water leak in the interior of Plaintiff's house that occurred in June 2021, approximately nine months after Plaintiff submitted his claim for loss, because Plaintiff did not report any interior damage to Defendant and because Plaintiff did not submit a claim for loss for any interior damage. Plaintiff concedes in his Response that he did not report an interior water leak as part of his claim. *See* Pl.'s Resp. (Doc. No. 44) at 11.

Plaintiff suggests that he will not introduce any evidence of the interior water leak, but also that he should be able to for the purpose of demonstrating consequential damages.

Given the incomplete record before the Court on this issue and the uncertainty as to whether Plaintiff will indeed seek to introduce evidence concerning an interior water leak, the Court will reserve ruling on this request. Plaintiff shall notify the Court prior to introducing any evidence about the June 2021 interior water leak and, at that time, be prepared to explain how evidence about that event is relevant to the claim and defenses at issue.

## CONCLUSION

In accordance with the foregoing, Defendant's Omnibus Motion in Limine (Doc. No. 42) is GRANTED IN PART and DENIED IN PART.

IT IS SO ORDERED this 9th day of January, 2023.

_____
CHARLES B. GOODWIN
United States District Judge